UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-CV-62347

SHEMICKA TAYLOR,

    Plaintiff,

vs.

ALS EDUCATION, LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Shemicka Taylor, brings this action to address the conduct by Defendant, ALS Education, LLC, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Shemicka Taylor ("Plaintiff")**, was and is a resident of Palm Beach County, Florida, at all times material, and she is *sui juris*.

2. **Defendant, ALS Education, LLC ("ALS")**, is a foreign, for-profit educational limited liability company that operates its business within Broward County, Florida, and is *sui juris*.

3. This Court has original jurisdiction over Plaintiff's claims that arise under federal law under 28 U.S.C. §1331 and supplemental/pendent jurisdiction over her related state law claim(s) under 28 U.S.C. §1367.

4. Venue is proper under 28 U.S.C. §1391(b)(ii) because ALS is located within this District and because most of the actions complained of occurred within this District.

### *Background Facts*

5. Plaintiff began working for ALS as a teacher in 2018.

1

6.      Plaintiff was otherwise qualified to work as a teacher at ALS; she passed all background investigations, possessed all required certifications, and had all the necessary education, training, and experience to work at ALS in the teaching position for which she was hired.

7.      Plaintiff worked for Defendant at North Park High School during the 2022-2023 school year.

8.      Plaintiff was suffering from emotional/psychological/psychiatric issues and, as a result, sought treatment for herself at a mental health facility on March 24, 2023.

9.      The school at which Plaintiff worked was on spring break and not in session when Plaintiff unexpectedly submitted herself for inpatient mental health treatment on March 24, 2023.

10.     Plaintiff was admitted to the mental health facility for inpatient treatment on March 24, 2024.

11.     The mental health facility restricted Plaintiff from contacting anyone outside of the facility; it confiscated her cell phone and prevented her from engaging in any verbal, electronic, in-person, or other communications with anyone outside of the facility for several days due to her condition and the nature of the treatment she was receiving.

12.     Although Plaintiff was scheduled to return to work on March 27, 2023, she remained at the mental health facility and was unable to communicate with anyone outside of the facility through March 28, 2023.

13.     Personnel from the mental health facility sent an email to Defendant to inform it that Plaintiff had been hospitalized since March 24, 2023, and requested Defendant to provide her with FMLA and Short-Term Disability (STD) paperwork.

14.     Once the facility allowed Plaintiff to access her email account on March 29, 2023, Plaintiff learned that Matt Smith, Human Resources Director for Defendant, considered Plaintiff to

2

have abandoned her job while she was receiving inpatient psychiatric treatment.

15.     Plaintiff emailed Mr. Smith to explain that she was at a hospital treatment facility without phone or email access.

16.     Personnel from the facility exchanged additional emails with Mr. Smith, explaining that Plaintiff could not access her phone since March 24, 2023, and that a review of her cell phone did not reveal any calls from her supervisor.

17.     Personnel from the facility also provided Defendant with records identifying Plaintiff's psychologic/psychiatric condition (diagnoses) and the nature of the inpatient treatment she was receiving.

18.     Defendant considered Plaintiff to have abandoned her job, did not provide her any documentation related to her FMLA or Short-Term Disability benefits, and refused to reconsider its termination of Plaintiff or re-employ her.

19.     Defendant has employed 50 or more employees within 75 miles of the location at which Plaintiff worked at all times material to this case.

20.     Defendant is responsible for the actions of its agents and employees acting within the course and scope of their employment and/or whose actions it ratified through its actions and/or inactions.

21.     All conditions precedent were performed by Plaintiff, occurred, or waived by Defendant.

22.     Plaintiff retained the undersigned counsel and agreed to pay her counsel a reasonable fee for all services rendered.

## COUNT I – INTERFERENCE WITH FMLA RIGHTS
### (FAILURE TO PROVIDE INFORMATION)

3

Plaintiff, Shemicka Taylor, reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

23.     Plaintiff worked over 1250 hours in each relevant 12-month period, making her eligible for leave under the FMLA.

24.     Plaintiff became ill and suffered from a "serious health condition" as defined by the FMLA because she required continuing treatment from her health care providers for her psychological/psychiatric condition(s) that required multiple treatments from her health care providers and/or required her to miss work for three consecutive days. *See* 29 C.F.R. §§825.113, 825.114, 825.115.

25.     Further, Plaintiff's "serious health condition," as defined by the FMLA, incapacitated her as she was unable to work while receiving inpatient care for her psychologic/psychiatric condition(s). *See* 29 C.F.R. §§825.113, 825.114, 825.115.

26.     Plaintiff did not know and had no reason to know that she was suffering from a psychologic/psychiatric condition that would require inpatient treatment or result in her incapacity for days on end without access to her phone, email, or anyone outside the facility.

27.     The facility to which Plaintiff was admitted notified Defendant that Plaintiff was incapacitated, was receiving inpatient treatment, provided records relating to her conditions and treatment, and requested it provide Plaintiff with FMLA paperwork to complete.

28.     Plaintiff also informed Defendant that she was in the hospital and receiving treatment.

29.     Defendant thus knew and/or had reason to believe Plaintiff was seeking and/or entitled to take FMLA leave.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

30.     Despite its knowledge of Plaintiff's qualifying event for FMLA, and in response to the request for FMLA leave, Defendant interfered when it failed to notify Plaintiff of her right to take FMLA leave and failed to provide her with any paperwork in connection with her FMLA rights.

31.     Defendant further failed to notify Plaintiff that she could take extended or intermittent FMLA leave, further interfering with her rights under the FMLA.

32.     Instead of providing Plaintiff with written documentation for an FMLA leave of absence or providing her with leave under the FMLA, Defendant instead terminated her employment, thereby interfering with Plaintiff's ability to take intermittent FMLA leave.

33.     As a direct and proximate result of Defendant's conduct, as described above, Plaintiff incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, her reputation was harmed, and she suffered mental anguish and emotional distress as a direct and proximate result of Defendant's conduct.

WHEREFORE Plaintiff, Shemicka Taylor, demands the entry of a judgment in her favor and against Defendant, ALS Education, LLC, after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, emotional distress damages, to be placed in the position she would be in but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, liquidated damages, his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

### COUNT II – INTERFERENCE WITH FMLA RIGHTS
### (TERMINATION OF EMPLOYMENT)

Plaintiff, Shemicka Taylor, reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

34.     Plaintiff worked over 1250 hours in each relevant 12-month period, making her eligible for leave under the FMLA.

35.     Plaintiff became ill and suffered from a "serious health condition," as defined by the FMLA, because she required continuing treatment from her health care providers for her psychological/psychiatric condition(s) that required multiple treatments from her health care providers and/or required her to miss work for three consecutive days. *See* 29 C.F.R. §§825.113, 825.114, 825.115.

36.     Further, Plaintiff's "serious health condition," as defined by the FMLA, incapacitated her as she was unable to work while receiving inpatient care for her psychologic/psychiatric condition(s). *See* 29 C.F.R. §§825.113, 825.114, 825.115.

37.     Plaintiff did not know and had no reason to know that she was suffering from a psychologic/psychiatric condition that would require inpatient treatment or result in her incapacity for days on end without access to her phone, email, or anyone outside the facility.

38.     The facility to which Plaintiff was admitted notified Defendant that Plaintiff was incapacitated, was receiving inpatient treatment, provided records relating to her conditions and treatment, and requested it provide Plaintiff with FMLA paperwork to complete.

39.     Plaintiff also informed Defendant that she was in the hospital and receiving treatment.

40.     Defendant thus knew and/or had reason to believe Plaintiff was seeking and/or entitled to FMLA leave.

41.     Despite its knowledge of Plaintiff's qualifying event for FMLA, and in response to the request for FMLA leave, Defendant interfered when it failed to notify Plaintiff of her right to take FMLA leave and failed to provide her with any paperwork in connection with her FMLA rights.

6

42.     Despite its knowledge of Plaintiff's qualifying event for FMLA, Defendant failed to (a) provide her notice that the leave he requested would qualify as protected leave under the FMLA, (b) notify her of her right to take FMLA leave, and (c) provide her with any paperwork concerning his FMLA rights. *See* 29 C.F.R. §825.300.

43.     Instead of providing Plaintiff with written FMLA notice of his rights under the FMLA, Defendant attempted to prevent Plaintiff from finding out that she had certain rights under the FMLA. *But see* 29 U.S.C. §2615.

44.     Defendant lacked a reasonable or good faith basis for failing to notify Plaintiff of her rights under the FMLA leave.

45.     As a direct and proximate result of Defendant's failure to notify Plaintiff of her rights under the FMLA, she suffered damages, including lost wages and benefits, liquidated damages, attorney's fees, and costs.

WHEREFORE Plaintiff, Shemicka Taylor, demands the entry of a judgment in her favor and against Defendant, ALS Education, LLC, after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, liquidated damages, her attorneys' fees under the FMLA, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## COUNT III – FMLA RETALIATION
## (TERMINATION OF EMPLOYMENT)

Plaintiff, Shemicka Taylor, reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

46.     Plaintiff worked over 1250 hours in each relevant 12-month period, making her eligible for leave under the FMLA.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

47.     Plaintiff became ill and suffered from a "serious health condition" as defined by the FMLA because she required continuing treatment from her health care providers for her psychological/psychiatric condition(s) that required multiple treatments from her health care providers and/or required her to miss work for three consecutive days. *See* 29 C.F.R. §§825.113, 825.114, 825.115.

48.     Further, Plaintiff's "serious health condition," as defined by the FMLA, incapacitated her as she was unable to work while receiving inpatient care for her psychologic/psychiatric condition(s). *See* 29 C.F.R. §§825.113, 825.114, 825.115.

49.     The facility to which Plaintiff was admitted notified Defendant that Plaintiff was incapacitated, was receiving inpatient treatment, provided records relating to her conditions and treatment, and requested it provide Plaintiff with FMLA paperwork to complete.

50.     Plaintiff also informed Defendant that she was in the hospital and receiving treatment.

51.     Defendant thus knew and/or had reason to believe Plaintiff was seeking and/or entitled to FMLA leave.

52.     Despite its knowledge of Plaintiff's qualifying event for FMLA, and in response to the request for FMLA leave, Defendant retaliated against Plaintiff by terminating her employment because she requested a medical leave of absense. *But see* 29 U.S.C. §2615.

53.     Defendant lacked a reasonable or good faith basis for retaliating against Plaintiff for taking a leave of absence to which she was entitled to receive under the FMLA leave.

54.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff suffered damages, including lost wages and benefits, liquidated damages, attorney's fees, and costs.

WHEREFORE Plaintiff, Shemicka Taylor, demands the entry of a judgment in her favor

8

and against Defendant, ALS Education, LLC, after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, to be placed in the position she would be in but for the unlawful retaliation, through either reinstatement or lost past and future wages and employment-related benefits, liquidated damages, his attorneys' fees under the FMLA, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

**COUNT IV – DISABILITY DISCRIMINATION**
**IN VIOLATION OF TITLE I OF THE ADA**

Plaintiff, Shemicka Taylor, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

55.     The Americans with Disabilities Act of 1990, *see* 42 U.S.C. §12101, *et seq.*, as well as the 2009 amendments thereto ("ADA"), prohibit employers from discriminating against qualified individuals because of an actual or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112.

56.     Title I of the ADA prohibits discrimination by an employer against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

57.     Defendant was at all times material an "employer," as the term is defined by the ADA.

58.     The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; ... or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

59.     The ADA further defines a mental impairment as "Any mental or psychological disorder, such as an intellectual disability (formerly termed 'mental retardation'), organic brain

9

syndrome, emotional or mental illness, and specific learning disabilities." 29 C.F.R. §1630.2(h).

60.     A "major life activity" includes the following:

(1) In general. Major life activities include, but are not limited to:

(i) Caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working; and

(ii) The operation of a major bodily function, including functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions. The operation of a major bodily function includes the operation of an individual organ within a body system.

(2) In determining other examples of major life activities, the term "major" shall not be interpreted strictly to create a demanding standard for disability. ADAAA section 2(b)(4) (Findings and Purposes). Whether an activity is a "major life activity" is not determined by reference to whether it is of "central importance to daily life."

29 C.F.R. §1630.2(i).

61.     Plaintiff has, nonetheless, always been a qualified individual and able to perform the essential functions of her job – either with or without a reasonable accommodation.

62.     Plaintiff has an impairment that substantially limits one or more major life activities due to the nature of the psychologic/psychiatric condition(s) that resulted in her inpatient treatment.

63.     Upon learning that Plaintiff had received inpatient psychologic/psychiatric care, Defendant thereafter "regarded" Plaintiff as disabled as a result of its considering her to have an impairment that substantially limits one or more major life activities.

64.     Defendant was a "covered entity" that discriminated against Plaintiff "on account of" her (perceived) disability and/or "on account of" her actual disability.

65.     Defendant improperly discriminated against Plaintiff by terminating her employment upon on or shortly after learning of her disability.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

66.     Defendant's acts of omission and/or commission violated the ADA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

67.     As a direct and proximate result of Defendant's intentional discrimination as described above, Plaintiff suffered economic losses, including the loss of wages and benefits, seniority, pension, vacation, and sick leave benefits. In addition, her reputation was harmed and she suffered mental anguish and emotional distress.

68.     Defendant's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

69.     Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Plaintiff's federally protected rights, and she is therefore entitled to punitive damages

WHEREFORE Plaintiff, Shemicka Taylor, demands the entry of a judgment in her favor and against Defendant, ALS Education, LLC, after trial by jury, for compensatory damages, including for damages to her reputation, emotional distress damages, mental anguish, to be placed in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting the Defendant, ALS Education, LLC, from discriminating against her or others similarly situated, and awarding her punitive damages, her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## COUNT V – UNLAWFUL RETALIATION
## IN VIOLATION OF TITLE I OF THE ADA

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Plaintiff, Shemicka Taylor, reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

70.     The Americans with Disabilities Act of 1990, *see* 42.U.S.C. §12101, *et seq.*, as well as the 2009 amendments thereto ("ADA"), prohibit employers from discriminating against qualified individuals because of an actual or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112.

71.     Title I of the ADA prohibits discrimination by an employer against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

72.     Defendant was at all times material an "employer," as the term is defined by the ADA.

73.     The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; ... or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

74.     The ADA further defines a mental impairment as "Any mental or psychological disorder, such as an intellectual disability (formerly termed 'mental retardation'), organic brain syndrome, emotional or mental illness, and specific learning disabilities." 29 C.F.R. §1630.2(h).

75.     A "major life activity" includes the following:

(1) In general. Major life activities include, but are not limited to:

(i) Caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working; and

(ii) The operation of a major bodily function, including functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic,

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

lymphatic, musculoskeletal, and reproductive functions. The operation of a major bodily function includes the operation of an individual organ within a body system.

(2) In determining other examples of major life activities, the term "major" shall not be interpreted strictly to create a demanding standard for disability. ADAAA section 2(b)(4) (Findings and Purposes). Whether an activity is a "major life activity" is not determined by reference to whether it is of "central importance to daily life."

29 C.F.R. §1630.2(i).

76.     Plaintiff has, nonetheless, always been a qualified individual and able to perform the essential functions of her job – either with or without a reasonable accommodation.

77.     Plaintiff has an impairment that substantially limits one or more major life activities due to the nature of the psychologic/psychiatric condition(s) that resulted in her inpatient treatment.

78.     Upon learning that Plaintiff had received inpatient psychologic/psychiatric care, Defendant thereafter "regarded" Plaintiff as disabled as a result of its considering her to have an impairment that substantially limits one or more major life activities.

79.     Defendant was a "covered entity" that discriminated against Plaintiff "on account of" her (perceived) disability and/or "on account of" her actual disability.

80.     The facility at which Plaintiff was an inpatient requested the Defendant to accommodate Plaintiff due to her suffering from a disability.

81.     Instead of accommodating her, requesting additional information, or engaging in an interactive process, Defendant responded by terminating Plaintiff's employment.

82.     As a direct and proximate result of Defendant's retaliatory actions as described above, Plaintiff suffered economic losses, including the loss of her employment and the attendant wages and benefits, seniority, pension, vacation, and sick leave benefits. In addition, her reputation was harmed, and she suffered mental anguish and emotional distress.

83.     Defendant's actions have caused and will continue to cause Plaintiff to suffer damages

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

84.     Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Plaintiff's federally protected rights, and she is therefore entitled to punitive damages.

WHEREFORE Plaintiff, Shemicka Taylor, demands the entry of a judgment in her favor and against Defendant, ALS Education, LLC, after trial by jury, for compensatory damages, including for damages to her reputation, emotional distress damages, mental anguish, to be placed in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting the Defendant, ALS Education, LLC, from discriminating against her or others similarly situated, and awarding her punitive damages, her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## COUNT VI – DISCRIMINATION
## IN VIOLATION OF §504 OF THE REHABILITATION ACT

Plaintiff, Shemicka Taylor, reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

85.     Defendant received federal financial assistance and/or funding at all times material to this action, as defined by 29 U.S.C. §794.

86.     Defendant is subject to §504 of the Rehabilitation Act pursuant to 29 U.S.C. §794a.

87.     Section 504 of the Rehabilitation Act provides in pertinent part:

[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits

14

of, or be subjected to discrimination under any <u>program or activity</u> receiving Federal financial assistance.

29 U.S.C. §794(a) (emphasis added).

88.     Section 504 of the Rehabilitation Act also defines "individual with a disability" as any person who:

(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment.

29 U.S.C. §705(20)(B); and 29 C.F.R. §1630.2(g).

89.     In turn, "Physical or mental impairment" is defined to include the following:

(1) Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine; or

(2) Any mental or psychological disorder, such as an intellectual disability (formerly termed "mental retardation"), organic brain syndrome, emotional or mental illness, and specific learning disabilities.

29 C.F.R. § 1614.203(h).

90.     Plaintiff has, nonetheless, always been a qualified individual and able to perform the essential functions of her job – either with or without a reasonable accommodation.

91.     Plaintiff has an impairment that substantially limits one or more major life activities due to the nature of the psychologic/psychiatric condition(s) that resulted in her inpatient treatment.

92.     Upon learning that Plaintiff had received inpatient psychologic/psychiatric care, Defendant thereafter "regarded" Plaintiff as disabled as a result of its considering her to have an impairment that substantially limits one or more major life activities.

93.     Defendant was a "covered entity" that discriminated against Plaintiff "on account of"

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

her (perceived) disability and/or "on account of" her actual disability.

94.     Defendant improperly discriminated against Plaintiff by terminating her employment upon on or shortly after learning of her disability and by refusing to re-hire her.

95.     Defendant's acts of omission and/or commission violated the ADA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

96.     As a direct and proximate result of Defendant's intentional discrimination as described above, Plaintiff suffered economic losses, including the loss of wages and benefits, seniority, pension, vacation, and sick leave benefits. In addition, her reputation was harmed and she suffered mental anguish and emotional distress as a direct and proximate result of Defendant's conduct.

97.     Defendant's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

WHEREFORE Plaintiff, Shemicka Taylor, demands the entry of a judgment in her favor and against Defendant, ALS Education, LLC, after trial by jury, for compensatory damages, including for damages to her reputation, emotional distress damages, to be placed in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting the Defendant from discriminating against her and reinstating her to her employment during this litigation, her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## COUNT VII – RETALIATION

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## <u>IN VIOLATION OF §504 OF THE REHABILITATION ACT</u>

Plaintiff, Shemicka Taylor, reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

98.     Defendant received federal financial assistance and/or funding at all times material to this action, as defined by 29 U.S.C. §794.

99.     Defendant is subject to §504 of the Rehabilitation Act pursuant to 29 U.S.C. §794a.

100.    Section 504 of the Rehabilitation Act provides in pertinent part:

[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any <u>program or activity</u> receiving Federal financial assistance.

29 U.S.C. §794(a) (emphasis added).

101.    Section 504 of the Rehabilitation Act also defines "individual with a disability" as any person who:

(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment.

29 U.S.C. §705(20)(B); and 29 C.F.R. §1630.2(g).

102.    In turn, "Physical or mental impairment" is defined to include the following:

(1) Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine; or

(2) Any mental or psychological disorder, such as an intellectual disability (formerly termed "mental retardation"), organic brain syndrome, emotional or mental illness, and specific learning disabilities.

29 C.F.R. § 1614.203(h).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

103.     Plaintiff has, nonetheless, always been a qualified individual and able to perform the essential functions of her job – either with or without a reasonable accommodation.

104.     Plaintiff has an impairment that substantially limits one or more major life activities due to the nature of the psychologic/psychiatric condition(s) that resulted in her inpatient treatment.

105.     Upon learning that Plaintiff had received inpatient psychologic/psychiatric care, Defendant thereafter "regarded" Plaintiff as disabled as a result of its considering her to have an impairment that substantially limits one or more major life activities.

106.     Defendant was a "covered entity" that discriminated against Plaintiff "on account of" her (perceived) disability and/or "on account of" her actual disability.

107.     The facility at which Plaintiff was an inpatient requested the Defendant to accommodate Plaintiff due to her suffering from a disability.

108.     Instead of accommodating her, requesting additional information, or engaging in an interactive process, Defendant responded by terminating Plaintiff's employment.

109.     As a direct and proximate result of Defendant's retaliatory actions as described above, Plaintiff suffered economic losses, including the loss of her employment and the attendant wages and benefits, seniority, pension, vacation, and sick leave benefits. In addition, her reputation was harmed, and she suffered mental anguish and emotional distress.

110.     Defendant's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

111.     Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Plaintiff's federally protected rights, and she is therefore entitled to punitive damages.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

WHEREFORE Plaintiff, Shemicka Taylor, demands the entry of a judgment in her favor and against Defendant, ALS Education, LLC, after trial by jury, for compensatory damages, including for damages to her reputation, emotional distress damages, mental anguish, to be placed in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting the Defendant, ALS Education, LLC, from discriminating against her or others similarly situated, and awarding her punitive damages, her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## COUNT VIII – VIOLATION OF FRCA

Plaintiff, Shemicka Taylor, reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

112.    The Florida Civil Rights Act of 1992, Fla. Stat. §760.10, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability or handicap "in the areas of education, employment, housing, or public accommodations".

113.    Defendant was at all times material an "employer," as the term is defined by the FCRA.

114.    Plaintiff has, nonetheless, always been a qualified individual and able to perform the essential functions of her job – either with or without a reasonable accommodation.

115.    Plaintiff has an impairment that substantially limits one or more major life activities.

116.    Defendant "regarded" Plaintiff as disabled as a result of its considering her to have an impairment that substantially limits one or more major life activities.

117.    Defendant was a "covered entity" that discriminated against Plaintiff "on account of" her (perceived) disability and/or "on account of" her actual disability.

19

118.    Defendant received information relating to Plaintiff's psychological/psychiatric disability and, shortly thereafter, terminated her employment.

119.    Defendant's termination of Plaintiff's employment on account of her actual or perceived disability violated the FCRA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

120.    As a direct and proximate result of Defendant's intentional discrimination as described above, Plaintiff suffered economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, her reputation was harmed and she suffered mental anguish.

121.    Defendant's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

122.    Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Plaintiff's right to be accommodated and free from discrimination on account of her disability, and she is therefore entitled to punitive damages

WHEREFORE Plaintiff, Shemicka Taylor, demands the entry of a judgment in her favor and against Defendant, ALS Education, LLC, after trial by jury, for compensatory damages, including for damages to her reputation, emotional distress damages, mental anguish, to be placed in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting the ALS Education, LLC, from discriminating against her, punitive damages, her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## DEMAND FOR JURY TRIAL

Plaintiff, Shemicka Taylor, demands a trial by jury of all issues so triable.

Respectfully submitted this 13th day of December 2024.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:     305.230.4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4884
*www.fairlawattorney.com*