## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

SHEMICKA TAYLOR

     Plaintiff,

v.

                         Case No. 0:24-cv-62347-62347

ALS EDUCATION, LLC

     Defendant.

_____ /

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, ALS EDUCATION, LLC ("ALS"), answers the Complaint filed by Plaintiff, SHEMICKA TAYLOR ("Plaintiff"), as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 1 of the Complaint and, therefore, denies same.

2.    Admitted.

3.    ALS admits only that this Court may exercise jurisdiction over Plaintiff's alleged claims. ALS denies any remaining allegations in Paragraph 3 of the Complaint and denies any allegation of wrongdoing.

4.    ALS admits only that venue is proper in this Court, denies any remaining allegations asserted in Paragraph 4 of the Complaint, and denies any allegation of wrongdoing.

## BACKGROUND FACTS

5.      Admitted.

6.      Denied.

7.      Admitted.

8.      ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 8 of the Complaint and, therefore, denies same.

9.      ALS admits that North Park High School was not in session on March 24, 2023, but denies any remaining allegations in Paragraph 9 of the Complaint.

10.      ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 10 of the Complaint and, therefore, denies same.

11.      ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 11 of the Complaint and, therefore, denies same.

12.      ALS admits that Plaintiff failed to report for work as-scheduled on March 27, 2023, but is without sufficient information to form a conclusion as to the veracity of the remaining allegations within Paragraph 12 of the Complaint and, therefore, denies same.

13.     ALS admits that a case worker from Dignity Healing sent an email to ALS's general Human Resources e-mail address on March 29, 2023 and informed ALS of Plaintiff's purported hospitalization.

14.     ALS admits that Plaintiff was separated from employment effective March 29, 2023 for job abandonment, but is without sufficient information to form a conclusion as to the veracity of the remaining allegations within Paragraph 14 of the Complaint and, therefore, denies same.

15.     Denied.

16.     Denied.

17.     ALS admits that a case worker from Dignity Healing provided documents and information pertaining to Plaintiff's purported hospitalization to ALS following Plaintiff's separation from employment. ALS denies all remaining allegations in Paragraph 17 of the Complaint.

18.     ALS admits that Plaintiff was separated from employment effective March 29, 2023 for job abandonment, but denies the remaining allegations in Paragraph 18 of the Complaint.

19.     Admitted.

20.     The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 20 of the Complaint

21.     The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 21 of the Complaint

22.     ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 22 of the Complaint and, therefore, denies same.

## <u>COUNT I - INTERFERENCE WITH FMLA RIGHTS</u><br><u>(FAILURE TO PROVIDE INFORMATION)</u>

ALS reincorporates its responses to Paragraphs 1 through 22 of the Complaint as set forth fully herein.

23.     The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 23 of the Complaint.

24.     The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 24 of the Complaint.

25.     ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 25 of the Complaint and, therefore, denies same.

26.     ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 26 of the Complaint and, therefore, denies same.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

As to the WHEREFORE clause following Paragraph 33 of the Complaint, ALS denies the appropriateness or permissibility of the relief sought therein and further denies that Plaintiff is entitled to any relief or damages.

## COUNT II - INTERFERENCE WITH FMLA RIGHTS (TERMINATION OF EMPLOYMENT)\

ALS reincorporates its responses to Paragraphs 1 through 22 of the Complaint as set forth fully herein.

34.     The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 34 of the Complaint.

35.     The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 35 of the Complaint.

36.    ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 36 of the Complaint and, therefore, denies same.

37.    ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 37 of the Complaint and, therefore, denies same.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

As to the WHEREFORE clause following Paragraph 45 of the Complaint, ALS denies the appropriateness or permissibility of the relief sought therein and further denies that Plaintiff is entitled to any relief or damages.

### COUNT III -FMIA RETALIATION
### (TERMINATION OF EMPLOYMENT)

ALS reincorporates its responses to Paragraphs 1 through 22 of the Complaint as set forth fully herein.

46.     The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 46 of the Complaint.

47.     The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 47 of the Complaint.

48.     ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 48 of the Complaint and, therefore, denies same.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

As to the WHEREFORE clause following Paragraph 54 of the Complaint, ALS denies the appropriateness or permissibility of the relief sought therein and further denies that Plaintiff is entitled to any relief or damages.

## COUNT IV -DISABILITY DISCRIMINATION
## IN VIOLATION OF TITLE I OF THE ADA

ALS reincorporates its responses to Paragraphs 1 through 22 of the Complaint as set forth fully herein.

55.     ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

56.     ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

57.     Admitted..

58.     ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

59.     ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

60.     ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

61.     The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 61 of the Complaint.

62.     ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 62 of the Complaint and, therefore, denies same.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

As to the WHEREFORE clause following Paragraph 69 of the Complaint, ALS denies the appropriateness or permissibility of the relief sought therein and further denies that Plaintiff is entitled to any relief or damages.

## COUNT V - UNLAWFUL RETALIATION
## IN VIOLATION OF TITLE I OF THE ADA

ALS reincorporates its responses to Paragraphs 1 through 22 of the Complaint as set forth fully herein.

70.     ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be

admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

71.     ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

72.     Admitted.

73.     ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

74.     ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

75.     ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

76.     The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 76 of the Complaint.

77.     ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 77of the Complaint and, therefore, denies same.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

As to the WHEREFORE clause following Paragraph 84 of the Complaint, ALS denies the appropriateness or permissibility of the relief sought therein and further denies that Plaintiff is entitled to any relief or damages.

## COUNT VI - DISCRIMINATION
## IN VIOLATION OF 8504 OF THE REHABILITATION ACT

ALS reincorporates its responses to Paragraphs 1 through 22 of the Complaint as set forth fully herein.

85.     The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 85 of the Complaint.

86.     The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 86 of the Complaint.

87.     ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

88.     ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

89.     ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

90.     The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 90 of the Complaint

91.     ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 91 of the Complaint and, therefore, denies same.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

As to the WHEREFORE clause following Paragraph 97 of the Complaint, ALS denies the appropriateness or permissibility of the relief sought therein and further denies that Plaintiff is entitled to any relief or damages.

## COUNT VII - RETALIATION
## IN VIOLATION OF §504 OF THE REHABILITATION ACT

ALS reincorporates its responses to Paragraphs 1 through 22 of the Complaint as set forth fully herein.

98.    The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 98 of the Complaint.

99.    The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 99 of the Complaint.

100.   ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be

admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

101.   ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

102.   ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

103.   The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 103 of the Complaint.

104.   ALS is without sufficient information to form a conclusion as to the veracity of the allegations within Paragraph 104 of the Complaint and, therefore, denies same.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

As to the WHEREFORE clause following Paragraph 111 of the Complaint, ALS denies the appropriateness or permissibility of the relief sought therein and further denies that Plaintiff is entitled to any relief or damages.

## COUNT VIII - VIOLATION OF FRCA

ALS reincorporates its responses to Paragraphs 1 through 22 of the Complaint as set forth fully herein.

112.   ALS objects to this paragraph as failing to conform with Federal Rules of Civil Procedure 8 and 10 in that it fails to contain a single factual allegation to be admitted or denied. To the extent a response is required, the statute cited speaks for itself. ALS denies all other allegations and characterizations asserted in this paragraph.

113.   Admitted.

114.   The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 114 of the Complaint.

115.   The allegations within this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, ALS denies the allegations asserted in Paragraph 115 of the Complaint.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

In response to the "WHEREFORE" clause following Paragraph No. 122 of the Complaint, including all subparts thereto, ALS denies the allegations contained therein, denies that ALS committed any unlawful acts, and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

ALS denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer. ALS does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense. ALS also reserves the right to assert additional affirmative defenses and matters in avoidance that may be disclosed by additional investigation and discovery. ALS asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint.

## FIRST DEFENSE

All actions taken by ALS and its agents with regard to Plaintiff were based on legitimate and reasonable business factors, and not in any way related to any discriminatory or retaliatory intent.

16

## SECOND DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, because all actions taken by Defendant regarding or affecting Plaintiff were based upon valid, legitimate, non-retaliatory, and reasonable business reasons that were not the result of any intention or purpose, past or present, to retaliate.

## THIRD DEFENSE

Any improper, illegal, or retaliatory acts taken against Plaintiff by any employee of Defendant occurred outside of the course and scope of employment, were contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

## FOURTH DEFENSE

Plaintiff is not a qualified individual with a disability/handicap as those terms have been defined and/or interpreted under the Americans with Disabilities Act and/or Chapter 760, Florida Statutes.

## FIFTH DEFENSE

ALS exercised reasonable care to prohibit, prevent, and promptly correct discriminatory, retaliatory or unlawful behavior, if any. ALS has a policy prohibiting discrimination and retaliation and a procedure by which its employees should inform it of any such complaints. The policy provides that such complaints will be the subject of prompt remedial action reasonably calculated to end alleged discrimination and retaliation. ALS cannot be held liable for alleged injuries where Plaintiff failed to take

advantage or use preventative or corrective procedures provided in due care by ALS to avoid harm or for acts of its employees committed outside the scope of employment.

## SIXTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by ALS, Plaintiff's damages demands are limited to the extent that Plaintiff has failed to reasonably mitigate such damages.

## SEVENTH DEFENSE

ALS reserves the right to assert the after-acquired evidence defense should ALS uncover evidence during the course of this action that would otherwise justify any action taken with respect to Plaintiff. The discovery of any such evidence would bar any recovery of damages by Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claim is barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

## NINTH DEFENSE

At all times relevant to this suit, ALS acted in good faith with regard to Plaintiff, and had reasonable grounds for believing that its actions were not in violation of any law, rule, or regulation.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed to exhaust administrative remedies, or brings claims or relies upon facts which exceed

the scope of or are inconsistent with Plaintiff's FCHR and EEOC charge(s), or are time barred by the applicable limitations period for such claims.

## ELEVENTH DEFENSE

Plaintiff's alleged damages are speculative and uncertain, or both, and therefore non-compensable.

## TWELFTH DEFENSE

Plaintiff's damages, including her claims for liquidated damages, front pay, back pay, emotional distress damages, loss of benefits, loss of earnings capacity, attorneys' fees, and pre- and post-judgment interest, are barred to the extent that the forms of relief are duplicative of each other.

## THIRTEENTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by ALS, Plaintiff's alleged damages are controlled and/or are limited by the damages caps imposed by state law and Constitutional limits.

## FOURTEENTH DEFENSE

There should be no award of compensatory damages for mental anguish or emotional distress absent expert medical testimony concerning the cause and existence of any emotional or mental injury.

## FIFTEENTH DEFENSE

Plaintiff's request for attorneys' fees and costs is in part discretionary before this Court, and, therefore, any amount awarded must be limited by the requirement,

including, but not limited to, that Plaintiff be successful on the merits and that fees and costs awarded be reasonable and necessary.

## SIXTEENTH DEFENSE

Plaintiff was not eligible for and entitled to the benefits under the Family and Medical Leave Act claimed in the Complaint.

## SEVENTEENTH DEFENSE

Plaintiff's claims are not timely and are barred by the applicable statutes of limitation.

## RESERVATION OF RIGHTS

ALS hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and Defenses and otherwise supplement the foregoing Defenses as necessary.

WHEREFORE, ALS prays that the Complaint be dismissed with prejudice, that judgment be entered in favor of ALS and against Plaintiff, and that ALS be awarded their costs and reasonable attorneys' fees and such other relief the Court deems appropriate.

DATED:  January 24, 2025

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.**

*/s/ Caren S. Marlowe*
Caren S. Marlowe
Florida Bar No: 514586
caren.marlowe@ogletree.com
Sarah G. Hock
Florida Bar No. 1825439
sarah.hock@ogletree.com
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone:  (813) 289-1247
Facsimile:   (813) 289-6530
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 24, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Brian H. Pollock, Esq.
FAIRLAW FIRM
7300 N. Kendall Drive, Suite 450
Miami, FL 33156
Telephone:  305.230.4884
Facsimile:  305.230.4844
*Attorney(s) for Plaintiff*

**I FURTHER CERTIFY** that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this response via U.S. Mail.

*/s/ Caren S. Marlowe*
Attorney

87668026.v1-OGLETREE