UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHEMICKA TAYLOR

    Plaintiff,

v.

                                        Case No. 0:24-cv-62347-MD

ALS EDUCATION, LLC

    Defendant.
_____/

**JOINT SCHEDULING REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and S.D. Fla. L.R. 16.1(b), Plaintiff, SHEMICKA TAYLOR("Plaintiff"), and Defendant, ALS EDUCATION, LLC, ("Defendant"), hereby file the following Joint Scheduling Report and Discovery Plan and state as follows:

Pursuant to Local Rule 16.1 and Fed. R. Civ. P. 26(f), a conference was held on February 4, 2025via telephone and was attended by the following:

| **Name:** | **Counsel for (if applicable):** |
|---|---|
| Brian Pollock . | Counsel for Plaintiff |
| Sarah Hock | Counsel for Defendant |

**I.**    **COMPLIANCE WITH S.D. FLA. L.R. 3.8**

This case is not a previously filed case or a case substantially related to another case previously filed or currently pending before this Court.

**II.**    **DISCOVERY PLAN**

Pursuant to S.D. Fla. L.R. 16.1(a), the Parties believe this case should be assigned to the "Standard Track" given the complexity of the case and the time

estimated for discovery. The Parties have agreed to the following schedule of disclosures and discovery and have further agreed to cooperate on mutual scheduling of other discovery:

| DATE | DEADLINE |
|---|---|
| 02/28/2025 | Deadline for Parties' initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) |
| 04/04/2025 | Deadline to join Parties or amend pleadings |
| 05/09/2025 | Deadline to file proposed order scheduling mediation, setting forth the name of the mediator and the date, time, and location of mediation<br><br>The Parties agree to work with mediator Scott Callen |
| 08/22/2025 | Deadline for Plaintiff to serve Defendant with expert witness list and reports required by Local Rule 16.1(k) |
| 09/19/2025 | Deadline for Defendant to serve Plaintiff with expert witness list and reports required by Local Rule 16.1(k) |
| 11/21/2025 | Deadline for deposing expert witnesses and completing all expert discovery |
| 12/19/2025 | Deadline for completing all discovery |
| 01/16/2026 | Deadline for completing mediation |
| 02/06/2026 | Deadline for filing all dispositive motions |
| 04/10/2026 | Deadline for filing Daubert motions |
| 05/01/2026 | Deadline for filing pretrial motions, including motions *in limine* |
| 05/15/2026 | Deadline to file joint pretrial stipulation, pretrial disclosures under Rule 26(a)(3), and deadline to file proposed jury instructions |
| 06/01/2026 | Trial period commences |

### III.     LOCAL RULE 16.1(b)(2) REQUIREMENTS

#### A. Likelihood of settlement

The Parties are unable to assess the likelihood of settlement at this time. The Parties will explore, in good faith, the possibility of settlement as the case progresses.

#### B. Likelihood of appearance in the action of additional Parties

It is unlikely that other Parties will appear in this action.

#### C. Proposed limits on time

The Parties believe the following time limitations are appropriate:

(i)     **To join other Parties and amend pleadings**

On or before April 4, 2025.

(ii)    **To file and hear motions**

All dispositive motions should be filed on or before February 6, 2026.

All Daubert motions should be filed on or before April 10, 2026.

All non-dispositive pretrial motions should be filed on or before May 1, 2026.

(iii)   **To complete discovery**

All discovery must be completed on or before December 19, 2025.

#### D. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment

At the present time, the Parties have no concrete proposals to recommend. As the case progresses, the Parties will in good faith attempt to eliminate unnecessary issues and proof and to narrow the issues for the Court's determination.

E. **Necessity or desirability of amendments to the pleadings.**

At present, the Parties do not anticipate the need for any amendments to the pleadings.

F. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the court on admissibility of evidence**

The Parties expect to be able to work together as discovery progresses to stipulate to certain facts and to the authenticity of documents, both of which will avoid unnecessary proof.

G. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence**

The Parties have no special suggestions but will endeavor to concur in stipulations that will avoid the submission of unnecessary evidence.

H. **Suggestions on the advisability of referring matters to a magistrate judge or master**

The Parties do not consent to referral of matters to a Magistrate Judge.

I. **Preliminary estimate of the time required for trial**

The Parties estimate this case will require 3 days to try.

J. **Requested date or dates for conferences before trial, a final pre-trial conference, and trial**

The Parties request the Court set a final pre-trial conference for no earlier than May 15, 2026, and set the trial for a calendar no earlier than June 1, 2026.

K. **Any other issues**

1. The Parties will discuss filing a Joint Stipulated Order Regarding Confidentiality and attempt to agree on the terms of it to avoid involving the Court.

4

2. The Parties agree to abide by the Federal and Local Rule regarding inadvertent production of privileged material and will immediately segregate any such material, notify the producing party, and return such material immediately upon request.

L. **Any other information that might be helpful to the Court in setting the case for status or pretrial conference**

None at this time.

IV. **FEDERAL RULE 26(f) REQUIREMENTS**

A. **Whether changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**

The Parties do not anticipate any changes and will exchange their initial disclosures (with the documents referenced therein) by no later than February 28, 2025, and those disclosures will take the form and substance set forth in Fed. R. Civ. P. 26(a)(1)(A).

B. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

- The factual allegations contained in Plaintiff's Complaint;
- Defendant's responses to the factual allegations in the Complaint and its affirmative and other defenses;
- The documents and ESI that exist and that no longer exist, and the surrounding circumstances;

- Discovery and information possessed by non-parties who may have information relevant to the issues raised by the pleadings, including Plaintiff's in-facility medical treatment during the period leading up to her separation from employment; and

- Whether Plaintiff sustained any damages as a result of Defendant's alleged unlawful conduct (and if so, the extent/amount of those damages);

At this time, the Parties do not foresee the need to conduct discovery in phases.

### C. Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced

The Parties will exercise reasonable diligence in securing and preserving electronically stored information (ESI) that may be subject to disclosure and/or discoverable in this matter. This ESI will be identified and preserved in native format by the respective party; however, the initial production of such ESI will be in searchable Word, Excel, .pdf, or .tiff format (as originally saved) unless specifically requested otherwise. The Parties agree that there is no obligation to make documents / ESI searchable which are not currently preserved in a searchable format. With regard to e-mails or searchable ESI for which either party has the technical capability to conduct a search, the parties shall agree on search terms that fall within the scope of discovery contemplated by Fed. R. Civ. P. 26(b)(1) to the extent required. The parties agree that such discussions may be used in connection with any motion to compel.

**D. <u>Any issues about claims of privilege or of protection as trial-preparation materials, including – if the Parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order</u>**

The Parties anticipate this case will involve discovery of confidential medical and/or business records. The Parties will endeavor to agree on a method of protecting confidential health information and business records. To the extent necessary, the Parties will explore entering into a confidentiality order to address the production, use, and disclosure of confidential information.

If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared for all items withheld based on a claim of privilege or work product protection, except written communications between a named party and its counsel after the litigation became imminent or after the commencement of the action and documents created by counsel after litigation became imminent. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted.

If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may

notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

The parties will address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

E. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

None at this time.

F. **Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c)**

None at this time.

Respectfully submitted on February 7, 2025.

| | |
|---|---|
| */s/ Brian H. Pollock* <br> Brian H. Pollock <br> Florida Bar No. 174742 <br> brian@fairlawattorney.com <br> FAIRLAW FIRM <br> 135 San Lorenzo Avenue, Suite 770 <br> Coral Gables, Florida 33146 <br> Telephone: (305) 230-4844 <br><br> *Attorneys for Plaintiff* | */s/ Sarah G. Hock* <br> Caren S. Marlowe <br> Florida Bar No: 514586 <br> caren.marlowe@ogletree.com <br> Sarah G. Hock <br> Florida Bar No. 1825439 <br> sarah.hock@ogletree.com <br> OGLETREE DEAKINS <br> 100 North Tampa Street, Suite 3600 <br> Tampa, Florida 33602 <br> Telephone: (813) 289-1247 <br> Facsimile:  (813) 289-6530 <br><br> *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 07, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

> Brian H. Pollock, Esq.
> FAIRLAW FIRM
> 135 San Lorenzo Avenue, Suite 770
> Coral Gables, FL 33146
> Telephone: 305.230.4884
> Facsimile: 305.230.4844
> *Attorney(s) for Plaintiff*

**I FURTHER CERTIFY** that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this response via U.S. Mail.

>  */s/ Sarah G. Hock*
>  Attorney

87941709.v1-OGLETREE